UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
US COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106-1797

FILED
07 DEC -7 PM 4:09
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: CP DEPUTY

December 4, 2007

MICHAEL E. KUNZ
CLERK OF COURT

CLERK'S OFFICE
ROOM 2609
TELEPHONE
215) 597-

U.S.D.C. Southern District of California
Roberta E. Westdal, Clerk of Court
4290 Edward J. Schwartz Federal Building
880 Front Street
San Diego, California 92101-8900

07CR7044 IEG

RE: U.S.A. vs. Nicholas Fleetfoot
00-cr-103-3(ed of pa) S.D. California # Not Given

Dear Mr. Westdal:

Pursuant to a Transfer of Probation Jurisdiction, we herewith enclose a certified copy of the following;

Indictment (***NOT CERTIFIED)
Judgment
Docket

Kindly acknowledge receipt on the copy of the letter provided.

Very truly yours,

MICHAEL E. KUNZ
Clerk of Court

By: Dennis Taylor
Dennis Taylor, Deputy Clerk

Received above material or record file this day of ,

Signature: ____________________

Date: ____________________

CR

***ORIGINAL INDICTMENT COULD NOT BE LOCATED

COPY

PO JED

PROB 22
(Rev. 2/88)

# TRANSFER OF JURISDICTION

| | | |
|---|---|---|
| | CASE NUMBER *(Tran. Court)* 00-103-3 | CASE NUMBER *(Rec. Court)* |
| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Nicholas Fleetfoot, 2859 39th Street, Apt. A, San Diego, CA 90105 | DISTRICT: Eastern District of Pennsylvania | DIVISION |
| | NAME OF SENTENCING JUDGE: The Honorable John R. Padova | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 9/13/2002 / TO 9/12/2010 |

FILED
DEC 03 2007
MICHAEL E. KUNZ, Clerk
By__________Dep. Clerk

OFFENSE
Conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana and to possess with intent to distribute more than 1,000 kilograms of marijuana within 1,000 feet of a playground (Count One); Attempted possession with intent to distribute more than 100 kilograms of marijuana (Count Two); Attempted possession with intent to distribute more than 100 kilograms of marijuana within 1,000 feet of a playground (Count Three); and Aiding and abetting (Counts Two and Three).

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Eastern District of Pennsylvania

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Southern District of California upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

9-11-2007
*Date*

[signature]
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Southern District of California

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

11/14/07
*Effective Date*

Irma E. Gonzalez
*United States District Judge*

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: 12-4-07
ATTEST: [signature]
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

AO 245B (8/96) Judgment in a Criminal Case 7/26

JP

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

UNITED STATES OF AMERICA
V.
NICHOLAS FLEETFOOT

FILED
NOV 28 2000
MICHAEL E. KUNZ, Clerk
By [signature] Dep. Clerk

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 00-103-3

235-A

Dennis Cogan, Esq.
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s) 1 & 3

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

☐ was found guilty on count(s) ______ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Concluded | Count Number(s) |
|---|---|---|---|
| 21:846 | Conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana and to possess with intent to distribute more than 1,000 kilograms of marijuana within 1,000 feet of a playground | 11-30-99 | 1 |
| 21:846 | Attempted possession with intent to distribute more than 100 kilograms of marijuana | 10-31-99 | 2 |
| 21:846 | Attempted possession with intent to distribute more than | 10-31-99 | 3 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

X Count(s) 2 X is ☐ are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: [redacted]

Defendant's Date of Birth: 5-27-72

Defendant's USM No.: 57337-198

Defendant's Residence Address:
35 Gay Way
Fort Washington, Pa. 19034

Defendant's Mailing Address:
Same As Above

11-17-00
Date of Imposition of Judgment

[signature]
Signature of Judicial Officer

John R. Padova, USDJ ED OF PA.
Name and Title of Judicial Officer

11/28/2000
Date

cc: US Atty (2); Def counsel (1), US Prob (2)
US Marshal (2), FLU Unit (1), Speedy trial (1)
USPTS (1)

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: 12-4-07
ATTEST: [signature] Dennis Taylor
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Case 2:00-cr-00103-JP Document 235 Filed 11/28/2000 Page 2 of 7

AO 245B (8/96) Judgment in a Criminal Case
Sheet 1 — Reverse



DEFENDANT: Nicholas Fleetfoot
CASE NUMBER: 00-103-3

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:846 | 100 kilograms of marijuana within 1,000 feet of a playground | 10-31-99 | 3 |
| 18:2 | Aiding and abetting | 10-31-99 | 2 & 3 |

Case 2:00-cr-00103-JP Document 235 Filed 11/28/2000 Page 3 of 7





DEFENDANT: Nicholas Fleetfoot
CASE NUMBER: 00-103-3

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of 30 months .

A term of 30 months is imposed onCounts 1 and 3 to run concurrent to each other.

X☐The court makes the following recommendations to the Bureau of Prisons:
The defendant be placed in a intensive confinement program in Lewisburg, Pa.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ______________ ☐ a.m. ☐ p.m. on ______________________ .

☐ as notified by the United States Marshal.

X The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

X before 2 p.m. on February 2, 2001 .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

______________________________________________________________

______________________________________________________________

______________________________________________________________

Defendant delivered on ______________________ to ______________________

at ______________________ , with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
Deputy U.S. Marshal

Case 2:00-cr-00103-JP Document 235 Filed 11/28/2000 Page 4 of 7



DEFENDANT: Nicholas Fleetfoot
CASE NUMBER: 00-103-3

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 8 years .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 2:00-cr-00103-JP Document 235 Filed 11/28/2000 Page 5 of 7



DEFENDANT: Nicholas Fleetfoot
CASE NUMBER: 00-103-3

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter; the defendant shall not possess a controlled substance; the defendant shall not possess a firearm or destructive device; the defendant shall perform 150 hours of community service.

Case 2:00-cr-00103-JP Document 235 Filed 11/28/2000 Page 6 of 7



DEFENDANT: Nicholas Fleetfoot
CASE NUMBER: 00-103-3

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | $ 200.00 | $ 1,500.00 | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . . . . $ ____________

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $____________ .

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until ____________ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| **Totals:** | $ ____________ | $ ____________ | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Nicholas Fleetfoot
CASE NUMBER: 00-103-3

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A X In full immediately; or

B ☐ $ ______________ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than ______________ ; or

D ☐ in installments to commence ______ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in ______________ (*e.g., equal, weekly, monthly, quarterly*) installments of $ ______________ over a period of ______ year(s) to commence ______ days after the date of this judgment.

The defendant will be credited for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:
The fine can be paid in accordance with the Bureau of Prisons Financial Responsibility Program. Any amount that remains unpaid at the time of the defendant's release shall become a condition of supervision and shall be paid in monthly installments of not less than $150.00 per month.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

JP

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 00-103 |
| v. | : | DATE FILED _______ |
| DANIEL C. DANSAK, | : | VIOLATIONS: 21 U.S.C. § 846 (Conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana and to possess with intent to distribute more than 1,000 kilograms of marijuana within 1,000 feet of a playground -1 count) |
| VICTOR HAROLD MILLER, | : | |
| NICHOLAS FLEETFOOT, JR., | : | |
| PABLO ELIAS RODRIGUEZ, | : | 21 U.S.C. § 846 (Attempted possession with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) - 1 count) |
| PAUL BROOKS, | : | |
| CARLOS M. BAIZA, | : | |
| BRIAN DIBELER, | : | 21 U.S.C. § 846 (Attempted possession with intent to distribute more than 100 kilograms of marijuana within 1,000 feet of a playground, in violation of 21 U.S.C. § 860- 1 count) |
| MICHAEL J. O'DONNELL, | : | |
| ELLIOT A. O'NEILL, | : | |
| TODD W. WISH, | : | 18 U.S.C. § 924(c)(1)(A)(i) (Possession of firearms in furtherance of a drug CARL trafficking crime - 1 count) |
| CARL ANTHONY DIMINO, and | : | |
| CHRISTINE HORSHOCK | : | 18 U.S.C. § 2 (Aiding and abetting) |
| | : | Notices of Forfeiture |

INDICTMENT

COUNT ONE

THE GRAND JURY CHARGES THAT:

1. From at least in and around May 1998 through on or about November 4, 1999, at Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendants

DANIEL C. DANSAK,

NICHOLAS FLEETFOOT, JR.

VICTOR HAROLD MILLER,

PABLO ELIAS RODRIGUEZ,

PAUL BROOKS,

CARLOS M. BAIZA,

BRIAN DIBELER,

MICHAEL J. O'DONNELL,

ELLIOT A. O'NEILL,

TODD W. WISH,

CARL ANTHONY DIMINO, and

CHRISTINE HORSHOCK

knowingly and intentionally conspired and agreed together and with Christopher M. Richards, Steven S. Lewis, Scott Andrews, and Timothy Smith and with other persons known and unknown to the Grand Jury to distribute and possess with intent to distribute more than 1,000 kilograms of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(vii) and to distribute and possess with intent to distribute more than 1,000 kilograms of marijuana, a Schedule I Controlled Substance, within 1,000 feet of the real property comprising a playground, located at 3500 Scotts Lane, Philadelphia, Pennsylvania, in violation of Title 21, United States Code, Section 860.

<u>MANNER AND MEANS</u>

The following were all part of the conspiracy:

1. Defendant DANIEL C. DANSAK would buy large quantities of marijuana from

defendant VICTOR HAROLD MILLER and others for distribution in and around Philadelphia, Pennsylvania.

2. Defendant VICTOR HAROLD MILLER would have marijuana delivered to defendant DANIEL C. DANSAK at or near San Diego, California in exchange for United States currency for later shipment of the marijuana to Philadelphia, Pennsylvania and for its distribution in and at Philadelphia.

3. Defendant NICHOLAS FLEETFOOT, JR. would locate for defendant DANIEL C. DANSAK opportunities to buy large quantities of marijuana from defendant VICTOR HAROLD MILLER and others.

4. Defendant DANIEL C. DANSAK would store and distribute the marijuana supplied by defendant VICTOR HAROLD MILLER and others at a warehouse located within 1,000 feet of the real property comprising a playground, located at 3500 Scotts Lane, Philadelphia, Pennsylvania.

5. Defendant DANIEL C. DANSAK kept firearms at the above warehouse to protect the marijuana that was stored there and the proceeds from marijuana sales.

5. Defendants PABLO ELIAS RODRIGUEZ, PAUL BROOKS, CARLOS M. BAIZA, BRIAN DIBELER, MICHAEL J. O'DONNELL, ELLIOT A. O'NEILL, TODD W. WISH, CARL ANTHONY DIMINO, and CHRISTINE HORSHOCK assisted defendant DANIEL C. DANSAK and others known and unknown to the Grand Jury in this drug distribution conspiracy by transporting United States currency to California from Philadelphia to pay for the marijuana that had been or would be shipped to defendant DANIEL C. DANSAK.

<u>OVERT ACTS</u>

In furtherance of the conspiracy and to accomplish its object, the following overt acts, among

others, were committed in the Eastern District of Pennsylvania and elsewhere:

1. In or about May 1998, defendant CARL ANTHONY DIMINO drove a shipment of approximately 100 or more pounds of marijuana from San Diego, California to Philadelphia, Pennsylvania for defendant DANIEL C. DANSAK.

2. In or about June 1998, defendant CARL ANTHONY DIMINO drove a shipment of approximately 125 or more pounds of marijuana from San Diego, California to Philadelphia, Pennsylvania for defendant DANIEL C. DANSAK.

3. In or about June or July 1998, defendant CARL ANTHONY DIMINO drove a shipment of approximately 150 or more pounds of marijuana from San Diego, California to Philadelphia, Pennsylvania for defendant DANIEL C. DANSAK.

4. In or about August 1998, defendant CARL ANTHONY DIMINO drove a shipment of approximately 150 pounds of marijuana from San Diego, California to Philadelphia, Pennsylvania for defendant DANIEL C. DANSAK.

5. In or about July 1998, defendant TODD W. WISH drove a shipment of approximately 150 pounds of marijuana in a Ford Ranger from San Diego, California to Philadelphia, Pennsylvania for defendant DANIEL C. DANSAK.

6. In or about September or October 1998, defendant CARL ANTHONY DIMINO drove a shipment of approximately 150 pounds of marijuana from San Diego, California to Philadelphia, Pennsylvania for defendant DANIEL C. DANSAK.

7. On or about February 27, 1999, defendant CHRISTINE HORSHOCK flew from Baltimore-Washington International Airport to San Diego, California, carrying United States currency owed by defendant DANIEL C. DANSAK to defendant VICTOR HAROLD MILLER for marijuana.

8. On or about February 27, 1999, defendant CHRISTINE HORSHOCK delivered the above United States currency to Steven S. Lewis and defendant VICTOR HAROLD MILLER.

9. On or about April 12, 1999, defendant ELLIOT A. O'NEILL flew from Baltimore-Washington International Airport to San Diego, California, carrying United States currency owed by defendant DANIEL C. DANSAK to defendant VICTOR HAROLD MILLER for marijuana.

10. On or about June 22, 1999, defendant ELLIOT A. O'NEILL flew from Baltimore-Washington International Airport to San Diego, California, carrying United States currency owed by defendant DANIEL C. DANSAK to defendant VICTOR HAROLD MILLER for marijuana.

11. On or about August 9, 1999, defendant CHRISTINE HORSHOCK flew from Baltimore-Washington International Airport to San Diego, California, carrying money that defendant DANIEL C. DANSAK owed defendant VICTOR HAROLD MILLER for marijuana.

12. Within the several weeks before October 11, 1999, defendant DANIEL C. DANSAK telephoned defendants NICHOLAS FLEETFOOT, JR. and VICTOR HAROLD MILLER, and Steven S. Lewis from Philadelphia and elsewhere for the purpose of arranging the purchase of a large quantity of marijuana.

13. Approximately several weeks before October 11, 1999, defendant DANIEL C. DANSAK left Philadelphia with defendants CARLOS M. BAIZA and BRIAN DIBELER and Christopher M. Richards for the purpose of traveling to San Diego, California to purchase marijuana from defendant VICTOR HAROLD MILLER.

14. On this trip to San Diego, California, defendants DANIEL C. DANSAK, CARLOS M. BAIZA, and BRIAN DIBELER and Christopher M. Richards took approximately $150,000 cash to pay defendant VICTOR HAROLD MILLER for marijuana.

15. On or about October 7, 1999, Timothy Smith rented a Ryder Rental Truck, that is, a 1997 Ford E350, painted yellow, FL license plate 3655OH, VIN 1GDKE37S4VHB24120, for the purpose of transporting marijuana that was to be supplied by defendant VICTOR HAROLD MILLER to Philadelphia, Pennsylvania where Timothy Smith and Scott Andrews would deliver it to defendant DANIEL C. DANSAK.

16. Shortly before October 11, 1999, defendants PABLO ELIAS RODRIGUEZ, PAUL BROOKS, and MICHAEL J. O'DONNELL flew from Philadelphia, Pennsylvania to San Diego, California, carrying approximately $150,000 cash for DANIEL C. DANSAK's purchase of marijuana.

17. Shortly before October 11, 1999, defendants PABLO ELIAS RODRIGUEZ, PAUL BROOKS, and MICHAEL J. O'DONNELL delivered approximately $150,000 cash to DANIEL C. DANSAK in or near San Diego, California.

18. On or about October 11, 1999, defendant VICTOR HAROLD MILLER met defendant DANIEL C. DANSAK in or near San Diego, California for the purpose of arranging the delivery of approximately 860 pounds of marijuana to DANIEL C. DANSAK.

19. On or about October 11, 1999, defendant VICTOR HAROLD MILLER and Steven S. Lewis received from DANIEL C. DANSAK approximately $300,000 in United States currency as partial payment for marijuana that defendant VICTOR HAROLD MILLER agreed to deliver to DANIEL C. DANSAK.

20. On or about October 11, 1999, defendant VICTOR HAROLD MILLER agreed with defendant DANIEL C. DANSAK to receive an additional approximately $73,000 to complete payment for the marijuana that defendant VICTOR HAROLD MILLER agreed to supply defendant DANIEL C. DANSAK.

21. On or about October 11, 1999, defendant VICTOR HAROLD MILLER arranged for the delivery of approximately 860 pounds of marijuana to DANIEL C. DANSAK.

22. On or about October 11, 1999, at defendant VICTOR HAROLD MILLER's residence, defendants DANIEL C. DANSAK, CARLOS RODRIGUEZ, and BRIAN DIBELER and Christopher M. Richards packaged about 860 pounds of marijuana supplied by defendant VICTOR HAROLD MILLER.

23. On or about October 11, 1999, Scott Andrews, Timothy Smith, and Christopher M. Richards loaded approximately 16 boxes containing approximately 860 pounds of marijuana into the truck that Timothy Smith had rented for the purpose of transporting the marijuana to defendant DANIEL C. DANSAK's warehouse in Philadelphia, Pennsylvania.

24. On or about October 18, 1999, defendant DANIEL C. DANSAK attempted to take delivery of approximately 16 boxes containing approximately 860 pounds of marijuana from Scott Andrews at defendant DANIEL C. DANSAK's marijuana warehouse which is located within 1,000 feet of the real property comprising a playground, located at 3500 Scotts Lane, Philadelphia, Pennsylvania.

25. On or about October 29, 1999, defendant NICHOLAS FLEETFOOT, JR. left a message n defendant DANIEL C. DANSAK's cell phone that Steven S. Lewis needed to get in touch with defendant DANIEL C. DANSAK.

26. On or about October 29, 1999, defendant VICTOR HAROLD MILLER left a message on defendant DANIEL C. DANSAK's cell phone that defendant VICTOR HAROLD MILLER wanted to speak with defendant DANIEL C. DANSAK.

27. On or about October 29, 1999, Steven S. Lewis left a message on defendant DANIEL

C. DANSAK's cell phone that Steven S. Lewis needed to speak to defendant DANIEL C. DANSAK.

28. On or about October 29, 1999, Christopher M. Richards had a telephone conversation with Steven S. Lewis in which Steven S. Lewis told Christopher M. Richards that Lewis was under pressure to collect the money that defendant DANIEL C. DANSAK owed defendant VICTOR HAROLD MILLER for the marijuana that defendant DANIEL C. DANSAK purchased on October 11, 1999.

29. On or about November 2, 1999, Steven S. Lewis said to defendant DANIEL C. DANSAK that Lewis had to deliver all of the money that defendant DANIEL C. DANSAK owed for marijuana to defendant VICTOR HAROLD MILLER by Friday, November 5, 1999, and that defendant DANIEL C. DANSAK would have to pay Lewis' courier fee of $1,000 for picking the money up in Philadelphia, Pennsylvania.

30. On or about November 3, 1999, Steven S. Lewis told Christopher M. Richards that Lewis would fly to Philadelphia, Pennsylvania from San Diego, California on November 4, 1999.

31. On or about November 4, 1999, Steven S. Lewis flew to Philadelphia, Pennsylvania from San Diego, California via American Airlines for the purpose of picking up the cash that defendant DANIEL C. DANSAK owed for the marijuana supplied by defendant VICTOR HAROLD MILLER.

32. On or about November 4, 1999, defendant VICTOR HAROLD MILLER spoke by telephone with Steven S. Lewis, who was in Philadelphia, Pennsylvania, and defendant VICTOR HAROLD MILLER confirmed to Lewis that defendant DANIEL C. DANSAK owed approximately $73,000 for the marijuana defendant DANIEL C. DANSAK purchased from defendant VICTOR HAROLD MILLER on or about October 11, 1999.

All in violation of Title 21, United States Code, Section 846.

COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

On or about October 18, 1999, in the Eastern District of Pennsylvania, defendants

DANIEL C. DANSAK,

VICTOR HAROLD MILLER,

NICHOLAS FLEETFOOT, JR.

PABLO ELIAS RODRIGUEZ,

PAUL BROOKS,

CARLOS M. BAIZA,

BRIAN DIBELER,

MICHAEL J. O'DONNELL, and

CHRISTINE HORSHOCK

did attempt, and knowingly and intentionally did aid and abet and wilfully cause the attempt, to possess with intent to distribute more than 100 kilograms of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B)(vii).

In violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

COUNT THREE

THE GRAND JURY FURTHER CHARGES THAT:

On or about October 18, 1999, in the Eastern District of Pennsylvania, defendants

DANIEL C. DANSAK,

VICTOR HAROLD MILLER,

NICHOLAS FLEETFOOT, JR.

PABLO ELIAS RODRIGUEZ,

PAUL BROOKS,

CARLOS M. BAIZA,

BRIAN DIBELER,

MICHAEL J. O'DONNELL. and

CHRISTINE HORSHOCK

did attempt, and knowingly and intentionally did aid and abet and wilfully cause the attempt, to possess with intent to distribute more than 100 kilograms of marijuana, a Schedule I Controlled Substance, within 1,000 feet of a playground, located at 3500 Scotts Lane in Philadelphia, Pennsylvania, in violation of Title 21, United States Code, Section 860.

In violation of Title 21, United States Code. Section 846 and Title 18, United States Code, Section 2.

COUNT FOUR

THE GRAND JURY FURTHER CHARGES THAT:

On or about October 18, 1999, in the Eastern District of Pennsylvania, defendant

DANIEL C. DANSAK

knowingly possessed firearms, that is, a SWD M11 9 mm semi-automatic pistol, serial number 89-0002610, loaded with 28 live jacketed hollow point rounds of ammunition; a Glock, Model 17, 9 mm semi-automatic pistol, serial number BLN719US, in a concealable holster and loaded with 9 live jacketed hollow point rounds of ammunition; and a Savage Model 170 pump action 30-30 rifle, serial number B226632, unloaded, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, that is, conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana and to possess with intent to distribute more than 1,000 kilograms of marijuana within 1,000 feet of a playground, attempted possession with intent to distribute more than 100 kilograms of marijuana, and attempted possession with intent to distribute more than 100 kilograms of marijuana within 1,000 feet of a playground, as charged in Counts One, Two, and Three of this Indictment, respectively.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

NOTICE OF FORFEITURE - DEFENDANT VICTOR HAROLD MILLER

1. As a result of the violations of Title 21, United States Code, Sections 846, 841(a), and 860 set forth in Counts One, Two, and Three of this Indictment, defendant

VICTOR HAROLD MILLER

shall forfeit to the United States of America:

(a) any property which was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of the violations of Title 21, United States Code, as charged in this Indictment, including, but not limited to, one 1968 Piper PA-28-140 fixed wing single engine aircraft, Ser. No. 28-245798.

(b) any property constituting, or derived from, any proceeds obtained directly or indirectly as a result of the violations of Title 21, United States Code, as charged in this Indictment, including, but not limited to, (1) the sum of $3,000,000, (2) $29,962 seized from defendant VICTOR HAROLD MILLER on November 4, 1999, and (3) the Piper aircraft referred to in paragraph 1.(a) above.

2. If any of the property described above as being subject to forfeiture as a result of any act or omission of the defendant VICTOR HAROLD MILLER:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of said defendant up to the value of the property subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853.

NOTICE OF FORFEITURE - DEFENDANT DANIEL C. DANSAK

1. As a result of the violations of Title 21, United States Code, Sections 846, 841(a), and 860 set forth in Counts One, Two, and Three of this Indictment, the defendant

DANIEL C. DANSAK

shall forfeit to the United States of America:

(a) any property which was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of the violations of Title 21, United States Code, as charged in this Indictment, including, but not limited to:

A. One SWD M11 9 mm semi-automatic pistol, serial number 89-0002610, loaded with 28 live jacketed hollow point rounds of ammunition.

B. One Glock, Model 17, 9 mm semi-automatic pistol, serial number BLN719US, in a concealable holster and loaded with 9 live jacketed hollow point rounds of ammunition.

C. One Savage Model 170 pump action 30-30 rifle, serial number B2226632, unloaded.

D. One M11 magazine loaded with 29 live jacketed hollow point rounds of ammunition.

E. One M11 magazine loaded with 13 live jacketed hollow point rounds of ammunition.

F. Two silencer/muffler/flash-suppressors that fit the above M11 semiautomatic

pistol.

G. One 1997 Dodge Ram 3500 Dual Wheel Pickup, VIN # 3B7MF33D1VM502651.

H. One 1968 Ford Mustang GT, VIN # 8R015116310.

I. One 1974 Porsche 911, VIN # 9114111335.

J. One 1974 BMW 2002, VIN # 2781985.

K. One 1959 Mercedes Benz 180, VIN # 12001010955828.

L. One1966 Lincoln Continental, VIN # 6Y86G442955.

(b) any property constituting, or derived from, any proceeds obtained directly or indirectly as a result of the violations of Title 21, United States Code, as charged in this Indictment, including, but not limited to, the sum of $3,000,000 and the items listed in paragraph 1.(a) above.

2. If any of the property described above as being subject to forfeiture as a result of any act or omission of the defendant DANIEL C. DANSAK:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek

forfeiture of any other property of said defendant up to the value of the property subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853.

______________________________
FOREPERSON

MICHAEL R. STILES
UNITED STATES ATTORNEY

First Assistant U.S. Attorney

JP

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

235

Andrea L. Mack
Court Reporter

Andrea L. Mack
Deputy Clerk

FILED
NOV 28 2000
MICHAEL E. KUNZ, Clerk
By ______ Dep. Clerk

United States of America : Jeffery Whitt, AUSA

vs. : CR NO. 00-103-3

Nicholas Fleetfoot : Dennis Cogan, Esq.

**MINUTE SHEET**

BEFORE JUDGE John R.Padova DATE 11-17-00 TIME 11:05A.M.

Sentencing

---

**PROCEEDING**

Nicholas Fleetfoot, sworn
Jeffery Whitt addresses the court on behalf of the government.
Dennis Cogan addresses the court on behalf of the defendant.
The court acknowledges receipt of the presentence investigation report, US Probation Sentencing Recommendation, Government Sentencing Memorandum, Defendant Sentencing Memorandum, Letter on behalf of the defendant.
The court **grants** the Government Motion for Downward Departure.
An order is to follow.
The court **grants** the Government Motion to dismiss Count 2 of the indictment.
An order is to follow.
**DEFENSE WITNESSES**
Candace Fisher, sworn
George Johns, sworn
Nicholas Fleetfoot addresses the court on his own behalf.
The court imposes the following sentence: Nicholas Fleetfoot is committed to the custody of the Bureau of Prisons for **30 months** on Counts 1 & 3 to run concurrent. Upon release from imprisonment the defendant shall be placed on supervised release for 8 years. Within 72 hours of release from the Bureau of Prisons the defendant shall report in person to the probation office in the district in which the defendant is released. While on supervised release the defendant shall not commit another federal, state or local crime, shall observe the standard conditions of supervised release, and shall comply with the following **additional conditions:** the defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter; the defendant shall not illegally possess a controlled substance;

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: 12-4-07
ATTEST: ______
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Page 2
USA V Nicholas Fleetfoot
CR 00-103-3

the defendant shall not possess a firearm or destructive device;the defendant shall pay a fine of $1,500.00 due immediately and can be paid in accordance with the Bureau of Prisons Financial Responsibility Program. Any amount that remains unpaid at the time of the defendant's release shall be due in monthly installments of not less than $150.00 per month during the period of supervision. A special assessment of $200.00 is due immediately. The defendant shall perform 150 hours of community service during the period of supervised release. The defendant shall self surrender on or before February 2, 2001.
The court gives the defendant his appellate rights.

Court adjourned at 1:05P.M. To reconvene____

IN CRIMINAL PROCEEDINGS, EXCLUDABLE DELAY CODES MUST BE INSERTED BELOW IF APPLICABLE, WITH THE EXPLICIT REASON FOR SUCH DELAY STATED HEREON.

SPEEDY TRIAL ACT DELAY CODE( ) [ ] The Court deems this case "UNTRIABLE"

Civ. 16 (8/80)

CLOSED

**United States District Court**
**Eastern District of Pennsylvania (Philadelphia)**
**CRIMINAL DOCKET FOR CASE #: 2:00-cr-00103-JP-3**
**Internal Use Only**

Case title: USA v. DANSAK, et al

Date Filed: 03/01/2000
Date Terminated: 11/17/2000

---

Assigned to: HONORABLE JOHN R. PADOVA

**Defendant (3)**

**NICHOLAS FLEETFOOT, JR.**
*TERMINATED: 11/28/2000*

represented by **DENNIS J. COGAN**
COGAN PETRONE & ASSOCIATES
2000 MARKET ST
STE 2925
PHILADELPHIA, PA 19103
215-545-2400
Email: cogan2128@aol.com
*TERMINATED: 11/28/2000*
*LEAD ATTORNEY*
*Designation: Retained*

**WILLIAM T. LAWSON, III**
1420 WALNUT ST. SUITE 1000
PHILADELPHIA, PA 19102-4015
215-546-5188
*TERMINATED: 06/21/2000*
*LEAD ATTORNEY*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 21:846 CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE MORE THAN 1,000 KILOGRAMS OF MARIJUANA AND TO POSSESS WITH INTENT TO DISTRIBUTE MORE THAN 1,000 KILOGRAMS OF MARIJUANA WITHIN 1,000 FEET OF A PLAYGROUND (1) | IMPR. 30 MOS., SUPV'D RELEASE 8 YRS., FINE $1,500.00, SPEC. ASSESS. $200.00 |
| 21:846 ATTEMPTED POSSESSION WITH INTENT TO DISTRIBUTE MORE THAN 100 KILOGRAMS OF MARIJUANA WITHIN 1,000 FEET OF A PLAYGROUND, IN VIOLATION OF 21 U.S.C. SUBSECTION | IMPR. 30 MOS., SUPV'D RELEASE 8 YRS., FINE $1,500.00, SPEC. ASSESS. $200.00 |

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: 12-4-07
ATTEST: [signature]
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

860; 18:2 AIDING AND ABETTING
(3)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 21:846 ATTEMPTED POSSESSION WITH INTENT TO DISTRIBUTE MORE THAN 100 KILOGRAMS OF MARIJUANA, IN VIOLATION OF 21 U.S.C. SUBSECTION 841 (a)(1); 18:2 AIDING AND ABETTING (2) | DISMISSED ON GOVT'S MOTION. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

**USA** represented by

**ERIC B. HENSON**
U.S. ATTORNEY'S OFFICE
615 CHESTNUT STREET
SUITE 1250
PHILA, PA 19106-4476
215-861-8312
Fax: 215-861-8618
Email: eric.henson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JEFFERY WHITT**
U.S. ATTORNEY'S OFFICE
615 CHESTNUT STREET
SUITE 1250
PHILA, PA 19106-4476
TEL 215-861-8404
Fax: FAX 215-861-8618
Email: jeff.whitt@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/01/2000 | 1 | Sealed Indictment as to DANIEL C. DANSAK (1) count(s) 1, 2, 3, 4, VICTOR HAROLD MILLER (2) count(s) 1, 2, 3, NICHOLAS FLEETFOOT (3) count(s) 1, 2, 3, PABLO ELIAS RODRIGUEZ (4) count(s) 1, 2, 3, PAUL BROOKS (5) count(s) 1, 2, 3, |

| | | |
|---|---|---|
| | | CARLOS M. BAIZA (6) count(s) 1, 2, 3, BRIAN DIBELER (7) count(s) 1, 2, 3, MICHAEL J. O'DONNELL (8) count(s) 1, 2, 3, ELLIOT A. O'NEILL (9) count(s) 1, TODD W. WISH (10) count(s) 1, CARL ANTHONY DIMINO (11) count(s) 1, CHRISTINE HORSHOCK (12) count(s) 1, 2, 3 (aam) (Entered: 03/14/2000) |
| 03/01/2000 | 2 | MOTION and ORDER Sealing Indictment as to DANIEL C. DANSAK, VICTOR HAROLD MILLER, NICHOLAS FLEETFOOT JR., PABLO ELIAS RODRIGUEZ, PAUL BROOKS, CARLOS M. BAIZA, BRIAN DIBELER, MICHAEL J. O'DONNELL, ELLIOT A. O'NEILL, TODD W. WISH, CARL ANTHONY DIMINO, CHRISTINE HORSHOCK ( Signed by MAGISTRATE JUDGE TULLIO G. LEOMPORRA ) (aam) (Entered: 03/14/2000) |
| 03/01/2000 | 4 | MOTION and ORDER for Issuance of Bench Warrant as to NICHOLAS FLEETFOOT JR. ( Signed by MAGISTRATE JUDGE TULLIO G. LEOMPORRA ) (aam) (Entered: 03/14/2000) |
| 03/01/2000 | | Bench Warrant issued as to VICTOR HAROLD MILLER, NICHOLAS FLEETFOOT JR., PABLO ELIAS RODRIGUEZ, PAUL BROOKS, CARLOS M. BAIZA, BRIAN DIBELER, MICHAEL J. O'DONNELL, ELLIOT A. O'NEILL, TODD W. WISH, CARL ANTHONY DIMINO, CHRISTINE HORSHOCK. (aam) (Entered: 03/14/2000) |
| 03/01/2000 | | (Court only) **Added Government Attorney ERIC B. HENSON (aam) (Entered: 03/14/2000) |
| 03/14/2000 | 14 | ORDER AND MOTION UNSEALING INDICTMENT as to DANIEL C. DANSAK, VICTOR HAROLD MILLER, NICHOLAS FLEETFOOT JR., PABLO ELIAS RODRIGUEZ, PAUL BROOKS, CARLOS BAIZA, BRIAN DIBELER, MICHAEL J. O'DONNELL, ELLIOT A. O'NEILL, TODD W. WISH, CARL ANTHONY DIMINO, CHRISTINE HORSHOCK ( SIGNED BY MAGISTRATE JUDGE DIANE M. WELSH ). (aam) (Entered: 03/14/2000) |
| 03/14/2000 | | Indictment unsealed as to DANIEL C. DANSAK, VICTOR HAROLD MILLER, NICHOLAS FLEETFOOT JR., PABLO ELIAS RODRIGUEZ, PAUL BROOKS, CARLOS M. BAIZA, BRIAN DIBELER, MICHAEL J. O'DONNELL, ELLIOT A. O'NEILL, TODD W. WISH, CARL ANTHONY DIMINO, CHRISTINE HORSHOCK (aam) (Entered: 03/14/2000) |
| 04/03/2000 | 53 | Rule 40 Documents as to NICHOLAS FLEETFOOT JR. received from Southern Dist. of California. (00MG0786) (jh) (Entered: 04/04/2000) |
| 04/06/2000 | | SURETY Bond entered by NICHOLAS FLEETFOOT JR. in the Amount of $ 50,000 w/Agreement to forfeit property listed as 35 GAY WAY, FT. WASHINGTON, PA. (PBS) (cmc) (Entered: 04/06/2000) |
| 04/06/2000 | | Arraignment as to NICHOLAS FLEETFOOT JR. HELD count(s) 1, 2, 3 (cmc) (Entered: 04/07/2000) |
| 04/06/2000 | | (Court only) **Procedural Interval start p2 as to NICHOLAS FLEETFOOT (3) count (s) 1, 2, 3, PABLO ELIAS RODRIGUEZ (4) count(s) 1, 2, 3 (ar) (Entered: 04/10/2000) |
| 04/07/2000 | 75 | Plea entered 4/6/00 by NICHOLAS FLEETFOOT JR. Court accepts plea. NOT GUILTY: count(s) 1, 2, 3 , Bail $50,000 Surety w/Agreement to forfeit proeprty 35 GAY WAY, FT. WASHINGTON, PA, etc., 10 days to file motions. (PBS) (cmc) (Entered: 04/07/2000) |
| 04/11/2000 | 79 | Response by USA to DEFT's Supplemental Points and Authorities, Cert. of Service. |

| | | |
|---|---|---|
| | | (cmc) (Entered: 04/11/2000) |
| 04/13/2000 | 83 | CJA 23 Financial Affavidit by NICHOLAS FLEETFOOT JR. (cmc) (Entered: 04/13/2000) |
| 04/13/2000 | 84 | CJA 20 as to NICHOLAS FLEETFOOT JR.: Appointment of Attorney WILLIAM T. LAWSON III (Signed by MAGISTRATE JUDGE PETER B. SCUDERI) (cmc) (Entered: 04/13/2000) |
| 04/26/2000 | 106 | BENCH Warrant Returned Executed as to NICHOLAS FLEETFOOT JR. on 4/3/00 . (cmc) (Entered: 04/27/2000) |
| 05/03/2000 | | (Court only) **Address labels only (gk) (Entered: 05/03/2000) |
| 05/11/2000 | 117 | ORDER OF 5/10/00 AS TO VICTOR HAROLD MILLER, NICHOLAS FLEETFOOT JR., PABLO ELIAS RODRIGUEZ, PAUL BROOKS, CARLOS M. BAIZA, BRIAN DIBELER, MICHAEL J. O'DONNELL, ELLIOT A. O'NEILL, TODD W. WISH, CARL ANTHONY DIMINO THAT JURY TRILA IS SET FOR 7/24/00 10:00 A.M. COURTROOM 6-A; COUNSEL, EITHER JOINTLY OR INDIVIDUALLY, SHALL FILE ALL PROPOSED JURY INSTRUCTIONS, VOIR DIRE QUESTIONS, VERDICT FORMS, MOTIONS IN LIMINE BY 7/10/00, ETC. (SIGNED BY JUDGE JOHN R. PADOVA) 5/12/00 ENTERED AND COPIES MAILED AND FAXED. (cmc) (Entered: 05/12/2000) |
| 05/16/2000 | 118 | REPORT OF SPEEDY TRIAL ACT DELAY: DATED 5/16/00 AS TO NICHOLAS FLEETFOOT JR., PABLO ELIAS RODRIGUEZ, PAUL BROOKS, CARLOS M. BAIZA, BRIAN DIBELER, MICHAEL J. O'DONNELL, ELLIOT A. O'NEILL, ANTHONY DIMINO THAT THE CALENDARING OF PROCEDURES HAS BEEN DELYAED FOR REASON THAT THESE DEFTS ARE AWAITING TRIAL OF CO-DEFT 00-103-10 WHERE NO SEVERANCE HAS BEEN GRANTED. (SIGNED BY DEPUTY CLERK TO JOHN R. PADOVA) 5/17/00 ENTERED AND COPIES MAILED AND FAXED. (cmc) (Entered: 05/17/2000) |
| 05/18/2000 | 119 | REPORT OF SPEEDY TRIAL ACT DELAY: DATED 5/18/00 THAT THE CALENDARING OF PREOCEDURES AS TO NICHOLAS FLEETFOOT JR., PABLO ELIAS RODRIGUEZ, PAUL BROOKS, CARLOS M. BAIZA, BRIAN DIBELER, TODD W. WISH, CARL ANTHONY DIMINO HAS BEEN DELAYED FOR REASON THAT THESE DEFTS ARE AWAITING TRIAL OF CO-DEFT #8, #9, WHERE NO SEVERANCE HAS BEEN GRANTED. (SIGNED BY CEPUTY CLERK TO JUDGE JOHN R. PADOVA) 5/18/00 ENTERED AND COPIES MAILED/FAXED. (cmc) (Entered: 05/18/2000) |
| 05/18/2000 | | (Court only) **Excludable XR start as to NICHOLAS FLEETFOOT JR., PABLO ELIAS RODRIGUEZ, PAUL BROOKS, CARLOS M. BAIZA, BRIAN DIBELER, TODD W. WISH, CARL ANTHONY DIMINO (ar) (Entered: 05/18/2000) |
| 06/09/2000 | 130 | Response by Govt. to Deft VICTOR HAROLD MILLER's request for reconsideration of the order detaining Deft, Cert. of Service. (cmc) (Entered: 06/09/2000) |
| 06/21/2000 | 133 | Notice of Appearance for NICHOLAS FLEETFOOT JR. by Attorney DENNIS J. COGAN, Cert. of Service. (cmc) (Entered: 06/22/2000) |
| 06/21/2000 | | (Court only) **Terminated attorney WILLIAM T. LAWSON as to NICHOLAS FLEETFOOT JR. (cmc) (Entered: 06/22/2000) |
| 07/07/2000 | 140 | Change of Plea Memorandum by USA as to NICHOLAS FLEETFOOT JR., Cert. of Service. (cmc) (Entered: 07/07/2000) |

| | | |
|---|---|---|
| 07/26/2000 | | Change of Plea Hearing as to NICHOLAS FLEETFOOT JR. HELD (cmc) (Entered: 08/21/2000) |
| 08/09/2000 | 160 | ORDER OF 7/26/00 AS TO NICHOLAS FLEETFOOT JR. THAT THE COURT HEREBY ORDERS BAIL IS COTNINUED AS PREVIOUSLY IMPOSED BY MAGISTRATE JUDGE SCUDERI WITH MODIFIFCATION: DEFTS CURFEW SHALL BE FROM 11:00 P.M. TO 7:00 A.M. (SIGNED BY JUDGE JOHN R. PADOVA) 8/10/00 ENTERED AND COPIES MAILED AND FAXED. (cmc) (Entered: 08/10/2000) |
| 08/18/2000 | 167 | Change of Plea entered 7/26/00 by NICHOLAS FLEETFOOT JR. Court accepts plea. GUILTY: count(s) 1, 3 , PSI report ordered, sentencing set for 11/17/00 11:00 a.m., Bail continued with a modification. (cmc) (Entered: 08/21/2000) |
| 08/22/2000 | | (Court only) **Excludable stopped as to NICHOLAS FLEETFOOT JR. (ar) (Entered: 08/22/2000) |
| 09/11/2000 | | (Court only) **Terminated party CHRISTINE HORSHOCK (cmc) (Entered: 09/12/2000) |
| 11/15/2000 | 197 | MOTION by USA AS TO NICHOLAS FLEETFOOT JR. FOR DEPARTURE FROM SENTENCING GUIDELINES PURSUANT TO 5K1.1 AND 18 USC 3553(e) , CERT. OF SERVICE. (cmc) (Entered: 11/16/2000) |
| 11/16/2000 | 200 | Sentencing Memorandum by USA as to NICHOLAS FLEETFOOT JR., Cert. of Service. (cmc) (Entered: 11/16/2000) |
| 11/17/2000 | | Sentencing HELD NICHOLAS FLEETFOOT (3) count(s) 1, 3 (cmc) (Entered: 11/28/2000) |
| 11/20/2000 | 204 | Govt.'s Response to DEFT DANSAK'S Memorandum and response to PSI report, Cert. of Service. (cmc) (Entered: 11/20/2000) |
| 11/20/2000 | 207 | ORDER OF 11/17/00 AS TO NICHOLAS FLEETFOOT JR. GRANTING [197-1] MOTION FOR DEPARTURE FROM SENTENCING GUIDELINES PURSUANT TO 5K1.1 AND 18 USC 3553(e). (SIGNED BY JUDGE JOHN R. PADOVA) 11/20/00 ENTERED AND COPIES MAILED AND FAXED. (cmc) (Entered: 11/20/2000) |
| 11/20/2000 | 209 | Govt. Request for Sentencing findings as to DANIEL C. DANSAK, Cert. of Service. (cmc) (Entered: 11/21/2000) |
| 11/21/2000 | | (Court only) **Terminated party CARLOS M. BAIZA (cmc) (Entered: 11/21/2000) |
| 11/21/2000 | 215 | Transcript filed in case as to NICHOLAS FLEETFOOT JR. for dates of 11/17/00 re: Sentencing. (cmc) (Entered: 11/21/2000) |
| 11/22/2000 | | (Court only) **Terminated party DANIEL C. DANSAK (cmc) (Entered: 11/22/2000) |
| 11/22/2000 | | (Court only) **Terminated party TODD W. WISH (cmc) (Entered: 11/22/2000) |
| 11/22/2000 | 224 | MOTION AND ORDER DATED 11/17/00 DISMISSING COUNT 2 OF THE INDICTMENT WITHOUT PREJUDICE AS TO NICHOLAS FLEETFOOT JR.. ( SIGNED BY JUDGE JOHN R. PADOVA ), 11/24/00 ENTERED AND COPIES MAILED AND FAXED. (jh) (Entered: 11/24/2000) |
| 11/22/2000 | | Dismissal of Count(s) on Government Motion as to NICHOLAS FLEETFOOT JR. Counts Dismissed: NICHOLAS FLEETFOOT (3) count(s) 2. (jh) (Entered: 11/24/2000) |

| | | |
|---|---|---|
| 11/22/2000 | | (Court only) **Terminated party CARL ANTHONY DIMINO. (lb) (Entered: 11/24/2000) |
| 11/28/2000 | 234 | ORDER OF 2/28/0 AMENDING BAIL CONDITIONS AS TO NICHOLAS FLEETFOOT JR.: DEFT SHALL NOT ASSOCIATE WITH CONVICTED FELONS, NOT POSSESS A FIREARM OR DESTRUCTIVE DEVICE; NOT POSSESS A CONTROLLED SUBSTANCE. (SIGNED BY JUDGE JOHN R. PADOVA) 11/28/00 ENTERED AND COPIES MAILED. (cmc) (Entered: 11/28/2000) |
| 11/28/2000 | 235 | Minute entry as to NICHOLAS FLEETFOOT JR. dated 11/17/00 re: Sentencing-Imprisonment of 30 mos. to Cts. 1, 3 with supv'd release 8 yrs., fine $1,500.00, spec. assess. $200.00, Deft to self surrender 2/2/01. (cmc) (Entered: 11/28/2000) |
| 11/28/2000 | | (Court only) **Terminated party NICHOLAS FLEETFOOT (cmc) (Entered: 11/28/2000) |
| 11/28/2000 | 235 | #235-A JUDGMENT OF 11/17/00 AS TO NICHOLAS FLEETFOOT (3) count(s) 1, 3. IMPR. 30 MOS., SUPV'D RELEASE 8 YRS., FINE $1,500.00, SPEC. ASSESS. $200.00 (SIGNED BY JUDGE JOHN R. PADOVA) 12/6/00 ENTERED. (cmc) Modified on 12/06/2000 (dt, ). (Entered: 12/06/2000) |
| 12/04/2000 | | (Court only) **Terminated party BRIAN DIBELER (cmc) (Entered: 12/05/2000) |
| 12/06/2000 | | (Court only) **Reset last document number to 241. (cmc) (Entered: 12/06/2000) |
| 12/06/2000 | | (Court only) **Terminated party MICHAEL J. O'DONNELL, party PAUL BROOKS (cmc) (Entered: 12/07/2000) |
| 01/22/2001 | | (Court only) **Terminated party ELLIOT A. O'NEILL (cmc) (Entered: 01/22/2001) |
| 04/23/2001 | | (Court only) **Terminated party PABLO ELIAS RODRIGUEZ (cmc) (Entered: 04/24/2001) |
| 11/05/2001 | | (Court only) **Terminated party VICTOR HAROLD MILLER (cmc) (Entered: 11/06/2001) |
| 11/05/2001 | | (Court only) **Case closed as to all defendant as to DANIEL C. DANSAK, VICTOR HAROLD MILLER, NICHOLAS FLEETFOOT JR., PABLO ELIAS RODRIGUEZ, PAUL BROOKS, CARLOS M. BAIZA, BRIAN DIBELER, MICHAEL J. O'DONNELL, ELLIOT A. O'NEILL, TODD W. WISH, CARL ANTHONY DIMINO, CHRISTINE HORSHOCK. (cmc) (Entered: 11/06/2001) |
| 04/28/2003 | | (Court only) **Remove appeal flag - no further appeals pending (dt) (Entered: 04/28/2003) |
| 12/03/2007 | 333 | Probation Jurisdiction Transferred to Southern District of California as to NICHOLAS FLEETFOOT, JR., Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (dt) (Entered: 12/04/2007) |